**FILED**
**CLERK**

10:24 am, Apr 04, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

LONG BEACH ROAD HOLDINGS, LLC,

              Plaintiff,

        -against-

FOREMOST INSURANCE COMPANY,

              Defendant.

--------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:14-cv-01801 (ADS)(AYS)

**APPEARANCES:**

**Michael J. Khader P.C.**
*Co-Counsel for the Plaintiff*
733 Yonkers Ave, Suite 200
Yonkers, NY 10704
      By: Michael John Khader

**The Law Offices of Michael J. Mauro, Esq., P.C.**
*Co-Counsel for the Plaintiff*
c/o WSA, 1 Raddison Plaza, 8th Floor
New Rochelle, NY 10801
      By:    Michael James Mauro, Esq., Of Counsel.

**Maroney O Connor LLP**
*Attorneys for the Defendant*
11 Broadway Suite 831
New York, NY 10004
      By:    Michael Raymond Frittola, Esq.,
              Ross T. Herman, Esq.,
              Yifei He, Esq., Of Counsel.

**SPATT, District Judge**:

On March 20, 2014, the Plaintiff filed an action alleging, *inter alia*, breach of contract against the Defendant, a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"). In the Complaint, the Plaintiff demanded a jury

trial. Presently before the Court is a motion by the Defendant to quash the Plaintiff's jury demand, pursuant to Federal Rule of Civil Procedure ("Rule") 39(a)(2). For the following reasons, the Court denies the Defendant's motion.

Rules 38 and 39 do not squarely address when parties must file motions to strike a jury demand. However, sister courts in this Circuit have recognized that "'[p]arties have a great deal of latitude on the timing of motions to strike a jury demand,'" such that "'a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.'" *Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.*, No. 03-cv-8259, 2007 WL 3286645, at *3 (S.D.N.Y. Nov. 7, 2007) (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 39.13[2][c] (3d ed.2007)). Accordingly, courts will entertain late-filed motions to strike a jury demand unless the party opposing the motion shows (1) an inexcusable delay by the movant and (2) prejudice as a result of the delay. *Id.*; *Majer v. Metro. Transp. Auth.*, No. 90-cv-4608, 1992 WL 110995, at *3 (S.D.N.Y. May 7, 1992).

Here, the Court exercises its discretion to find the Defendant's motion to quash untimely due to the potential prejudice to the plaintiff and the lack of a valid excuse for delay. The Plaintiff filed the Complaint (and accompanying jury demand) over four years before the Defendant filed its motion, and the Defendant explicitly agreed to a jury trial in the proposed pre-trial order several months before filing its motion. ECF 70 ¶ e. In addition, the Defendant provides no explanation for its about-face or for waiting so long to move to strike the jury. From its review of the Defendant's papers, the Court surmises that the Defendant decided to object to a jury trial because Judge Shields denied the Defendant leave to file an untimely motion for summary judgment. Accordingly, the Court sees no reason why it should pull the rug out from under the Plaintiff, who proceeded through all of discovery and a significant portion of trial preparation under the

assumption that its claims would be tried before a jury, because the Defendant had a change of heart. *See Gulf Bay Capital, Inc. v. Textron Fin. Corp.*, No. 14-cv-209, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016) ("The question . . . is whether the jury designation in the joint Case Management Report is sufficient to establish Textron's subsequent consent to a jury trial. The Court finds that it is."); *Police & Fire Ret. Sys. of City of Detroit v. Watkins*, No. 08-cv-12582, 2013 WL 817929, at *2 (E.D. Mich. Mar. 5, 2013) ("Given their delay and contradictory actions, the Court finds that Plaintiffs waived their right to enforce the jury waiver provision; their motion to strike Defendants' jury demand is untimely."); *Burton v. Gen. Motors Corp.*, 95-cv-1054, 2008 WL 3853329 at *7 (S.D. Ind. Aug.15, 2008) ("Parties have a great deal of latitude on the timing of motions to strike a jury demand, but the court has discretion to decide whether a motion to strike a jury demand is timely or too late.").

Therefore, the Court denies the Defendant's motion in its entirety.


It is **SO ORDERED**:

Dated:  Central Islip, New York

      April 4, 2019.

               /s/ Arthur D. Spatt

              ARTHUR D. SPATT

            United States District Judge