## SUBSTANTIVE CHARGES

In this lawsuit, the plaintiff, Long Beach Road Holdings, LLC, claims that defendant Foremost Insurance Company breached its contract with Long Beach Road Holdings, LLC by failing to provide flood insurance coverage for damage caused by Hurricane Sandy to Long Beach Road Holdings, LLC building in Island Park.

### A.  The elements of the breach of contract claim.

To state a claim for breach of contract under New York law, a plaintiff must allege: (1) the existence of a contract, (2) the adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages. *Int'l Council of Shopping Ctrs., Inc. v. Info Quarter, LLC*, 2019 U.S. Dist. LEXIS 77115, *9 (SDNY 2019).

Plaintiff Long Beach Road Holdings LLC asserts a breach of contract claim against Defendant Foremost Insurance Co., a  Write Your Own Carrier under the National Flood Insurance Program.

Claims for breach of contract can properly be asserted against a Write Your Own Carrier, such as defendant Foremost Insurance Co. *Melanson v. United States Forensic, LLC*, 183 F. Supp. 3d 376, 392 (EDNY 2016) ("[t]he NFIP specifically allows a policyholder to sue a WYO insurer for breach of contract").If you find that Plaintiff Long Beach Road Holdings LLC has established the elements of the claim by the preponderance of evidence, then you must find in favor of Plaintiff Long Beach Road Holdings LLC's that flood insurance coverage was in effect as of October 25, 2012 and Defendant Foremost Insurance Co. is liable to Plaintiff Long Beach Road Holdings LLC.

**B.  A contract's terms are to be enforced according to its plain meaning.**

The plaintiff, Long Beach Road Holdings LLC, claims flood insurance coverage was in effect as of October 25, 2012 according to the plain terms of the insurance policy.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 2019 U.S. App. LEXIS 13797, *10 (2nd Cir. 2019).

If you find that Plaintiff Long Beach Road Holdings LLC established by the preponderance of evidence that it closed on its refinancing of its property in Island Park within 60 days of applying for flood insurance and paying the insurance premium, then, by the terms of the policy, you must find that flood insurance was in effect as of October 25, 2012 according to the plain terms of the insurance policy and Defendant Foremost Insurance Co. is liable to Plaintiff Long Beach Road Holdings LLC.

**C.  Acceptance of premium creates a contract.**

Plaintiff Long Beach Road Holdings, LLC seeks to establish that a flood insurance policy was in effect prior to October 29, 2012 when Hurricane Sandy damaged its property in Island Park based on its payment to and acceptance of the policy premium by defendant Foremost Insurance Co.

In this circuit, a contract is formed when the insured accepts a policy and pays the premium and the insurer accepts the premium. By accepting the policy and paying the premiums the insured agrees to the terms of the insurance contract. By the same token, when the insurer issues a policy and accepts payment for insurance coverage under that policy, the insurer agrees to assume the risks enunciated in the policy. *Gerrish Corp. v. Universal Underwriters Ins. Co.*, 947 F.2d 1023, 1028 (2d Cir. 1991); *see also Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540

F.3d 133 (2d Cir. N.Y. 2008) ("It is well settled that the continued acceptance of premiums by the carrier after learning of facts which allow for rescission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind".)

If you find that Plaintiff Long Beach Road Holdings LLC established by the preponderance of evidence that it paid its insurance premium prior to October 29, 2012 and it was accepted by Defendant Foremost Insurance Co., then you must find that flood insurance was in effect as of October 25, 2012 and rule in Plaintiff Long Beach Road Holdings LLC's favor that flood insurance was in effect on October 25, 2012 and Defendant Foremost Insurance Co. is liable to Plaintiff Long Beach Road Holdings LLC.

### D. Estoppel

Plaintiff Long Beach Road Holdings, LLC seeks to show that it reasonably relied upon certain documents issued by defendant Foremost Insurance Co. that flood insurance policy was in effect prior to October 29, 2012 when Hurricane Sandy damaged plaintiff Long Beach Road Holding's property in Island Park. If you find that the plaintiff Long Beach Road Holdings satisfied its showing that it reasonably relied upon the documents issued to it by the defendant Foremost Insurance Co. then you must find that the defendant Foremost Insurance Co. is estopped from denying flood insurance coverage to the plaintiff Long Beach Road Holdings, LLC.

An "insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying coverage to that party where the party reasonably relies on the certificate of insurance to its detriment". *Lopez v. Rutgers Cas. Ins. Co.*, 298 F. Supp. 3d 503, 515 (EDNY 2018); *see also Chartis Seguros Mex., Lopez v. Rutgers Cas. Ins. Co.*, 298 F. Supp. 3d 503, 515 (EDNY 2018) ("an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying

coverage to that party where the party reasonably relies on the certificate of insurance to its detriment") (emphasis added); *S.A. de C.V. v. HLI Rail & Rigging, LLC*, 2014 U.S. Dist. LEXIS 33803 (S.D.N.Y. Mar. 13, 2014).

Also to consider in whether the plaintiff Long Beach Road Holdings, LLC reasonably relied upon documents issued by the defendant Foremost Insurance Co. is federal regulation 44 C.F.R. § 61.13(e), which states that "No oral or written binder shall be effective unless issued with express authorization of the administrator."  For you to consider is whether there is evidence as to whether the binder admitted into evidence in this case was issued "with express authorization of the administrator."

Also to consider in whether the plaintiff Long Beach Road Holdings, LLC reasonably relied upon documents issued by the defendant Foremost Insurance Co. is the policy in evidence that includes language in Section C.3 that states: "To avoid the 30-day waiting period, the borrower must purchase coverage within 60 days of the date of the lender's letter requiring the borrower to obtain flood insurance."

Furthermore, a WYO company acts as a "fiscal agent" of the United States. *Palmieri v. All State Insurance*, 445, 3d. 179, 183 (2nd Cir. 2006). A WYO company such as the defendant Foremost Insurance Co. will be liable for its acts and estopped from denying coverage if it engages in affirmative, serious misconduct that was reasonably relied upon to a party's detriment. *Diamond v. Federal Emergency Management Agency*, 689 F. Supp 163, 169-170 (EDNY 1998).

The determination of whether insurance policy covers claims based on estoppel is a question of fact in determining whether insurance claim is properly denied. *James River Ins. Co. v. Power Mgmt.*, 55 F. Supp. 3d 446, 2014 U.S. Dist. LEXIS 152543, **23 (EDNY 2014).

If you find that Plaintiff Long Beach Road Holdings LLC has proven by the preponderance of evidence that it reasonably relied upon documents showing a flood insurance policy effective date of October 25, 2012 and that Defendant Foremost Insurance Co. accepted Plaintiff Long Beach Road Holdings insurance premium prior to October 29, 2012, then you must find that flood insurance was in effect as of October 25, 2012 and that Defendant Foremost Insurance Co. is liable to Plaintiff Long Beach Road Holdings LLC.

**E. Whether the defendant Foremost Insurance Co. "strictly enforce" Federal Emergency Management Administration regulations.**

As a "fiscal agent" the defendant Foremost Insurance Co. must "strictly enforce the provisions set out in the [FEMA] regulations, varying the terms of a policy only with FEMA's express written consent." *Bagley v. New York Cent. Mut. Fire Insurancy Co.*, 2015 U.S. Dist. LEXIS 181557, *12 (NDNY 2015) *citing inter alia* 44 C.F.R. § 61.13(d). The fiscal agent can be held liable where it did not strictly enforce the provisions of FEMA. *Diamond v. Federal Emergency Management Agency*, 689 F. Supp 163, 169-170 (EDNY 1998).

You will decide based on the admitted evidence whether Foremost Insurance Co. strictly enforced FEMA's regulation. If you find that Plaintiff Long Beach Road Holdings LLC has shown by the preponderance of evidence that Foremost Insurance Co. did not strictly enforce the provisions of FEMA then you must find that flood insurance was in effect as of October 25, 2012 and Defendant Foremost Insurance Co. is liable to Plaintiff Long Beach Road Holdings LLC.

### F. Damages

If you find that the plaintiff has met its burden of proof with respect to its breach of contract claim, that is, that she has proven its claim by a preponderance of the evidence, then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as any indication of mine as what your verdict should be. Rather, I am instructing you on damn s only so that you will have them in the event you decide that plaintiff is entitled to recover.

The prevailing party in a breach of contract action is entitled to recover the amount necessary to put the plaintiff in the same economic position the plaintiff would have been had the breach parting fulfilled its obligations under the contract. *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2nd Cir. 1995).

The plaintiff Long Beach Road Holdings, LLC seeks the following in damages:

A.  The Proof of Loss in the amount of $262, 205.78.

B.  $30,000.00 in depreciation. 44 CFR § 61, Appendix A (1), V.2.

C.  $75,000.00 in lost rent.

If you find that Plaintiff Long Beach Road Holdings LLC has established its damages by the preponderance of evidence, then you must find in Plaintiff Long Beach Road Holdings LLC's favor and award it $367,205.78.